DOUCET, Judge.
This is an appeal from a judgment ordering defendant-appellant, James C. LeBlanc, to pay past due alimony, plus attorney’s fees and costs, to his former wife, Rose Marie LeBlanc, plaintiff-appellee herein.
Rose Marie and James LeBlanc were divorced by judgment of the Court of Common Pleas, Holmes County, Ohio, on December 16, 1982. In its judgment the Ohio Court approved the Separation Agreement previously entered by the parties and incorporated the agreement into its judgment by reference. That Separation Agreement included the following language as to alimony:
“The Husband shall pay alimony to the Wife in the amount of $100 per month for 36 months, to begin January 1, 1983. Said payments will be due on the 1st of every month. Said alimony shall continue until the death or remarriage of the Wife.”
On March 11, 1986, after both parties had become residents of Lafayette Parish, Louisiana, Rose Marie LeBlanc filed a “Petition to Make Foreign Judgment of Divorce and Support Executory in the State of Louisiana.” James C. LeBlanc was served with the petition. No answer was filed. However, on March 24, 1986, the following Stipulation, executed by James LeBlanc, was entered into the record of this matter:
“STIPULATION
It is stipulated by the plaintiff, through counsel, and the defendant in proper person, that the divorce action and judgment of the State of Ohio [sic], the support and alimony aspects and entitlement, be and the same is hereby made the judgment of this court, and accordingly, that the child support be fixed at the sum of $50.00 per week for the child Tina LeBlanc, and that the alimony for Rose Marie LeBlanc be and the same is hereby fixed at the sum of $25.00 per week, for a total of $75.00 per week, to be paid the Plaintiff Rose Marie Le-Blanc by and through her attorney Harold L. Savoie, by check each week to said attorney Harold L. Savoie, due and payable on Tuesday of each week commencing with the date of March IB 1986 AD.”
On March 25, 1986, judgment by the Fifteenth Judicial District Court for the Parish of Lafayette was rendered recognizing the Ohio divorce decree “as well as the Child Support and Alimony Entitlements of the Child, Tina LeBlanc.” The judgment further provided for “alimony for Mrs. Rose Marie LeBlanc per week of $25.00, said sums to be paid weekly on Tuesday of each week commencing on the 18 day of March 1986.”
On February 5, 1988, Rose Marie Le-Blanc filed a “Rule for Contempt, Past Due Alimony, Attorney’s Fees and Costs” alleging that James C. LeBlanc had failed to pay alimony since November 15, 1987, and asking that Mr. LeBlanc be held in contempt of court and ordered to pay past due alimony as well as attorney’s fees in the amount of 25% of monies due. A hearing on the rule was held on April 4, 1988 and judgment was rendered in favor of Rose Marie LeBlanc and against James C. LeBlanc in the amount of $437.50, together with legal *842 interest, attorney’s fees of $250.00, and all costs of the proceedings.
Defendant now appeals the judgment of the Fifteenth Judicial District Court. Appellant in his brief alleges that the Louisiana Court, in its judgment rendered March 25, 1986 making the decree of the Ohio Court executory, failed to give full faith and credit to the Ohio decree and failed to consider the specifics of the Ohio decree in rendering judgment enforcing the alimony decree against the appellant.
Appellant argues that the language of the Ohio decree limited his alimony obligation to 36 months from the date of rendition unless his wife died or remarried before the end of that period, and that the Louisiana Court erred in failing to recognize this language. This argument is untimely. An appeal on these grounds should have been taken after the rendition of the trial court’s March 1986 judgment recognizing the Ohio decree and setting the alimony obligation and within the delays provided for appeal of an alimony judgment in La.C. C.P. arts. 3942 and 3943. The time for an appeal from that judgment had however long since passed by the time Mrs. LeBlanc filed her Rule for Contempt.
Finally, the trial court correctly awarded attorney’s fees to Mrs. LeBlanc. La.R.S. 9:305 states that:
“When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.”
Accordingly, the judgment of the trial court is affirmed. All costs are taxed to the appellant.
AFFIRMED.